**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CHICAGO & VICINITY LABORERS'** ) | |
| **DISTRICT COUNCIL PENSION FUND,** ) | |
| **CHICAGO & VICINITY LABORERS'** ) | |
| **DISTRICT COUNCIL WELFARE FUND,** ) | |
| **CHICAGO & VICINITY LABORERS'** ) | |
| **DISTRICT COUNCIL RETIREE HEALTH** ) | |
| **AND WELFARE FUND, and CATHERINE** ) | |
| **WENSKUS, not individually but as** ) | |
| **Administrator of the Funds,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case no.** 22 C 3109 |
| **v.** ) | |
| ) | **Judge:** |
| **ANTIGUA CONSTRUCTION, INC., an** ) | |
| **Illinois corporation,** ) | |
| **Defendant.** ) | |

**COMPLAINT**

Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago &

Vicinity Laborers' District Council Welfare Fund, Chicago & Vicinity Laborers' District

Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as

Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace,

Amy N. Carollo, G. Ryan Liska, Katherine C.V. Mosenson and Sara S. Schumann, and for their

Complaint against Antigua Construction, Inc., state as follows:

**COUNT I**

**(Failure to Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)**

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Antigua Construction, Inc. (hereinafter "Company"), is an Illinois corporation.  Company does business within this District, and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company are parties to successive collective bargaining agreements.  A copy of the Company's independent construction industry collective bargaining agreement is attached hereto ("CBA"), as well as a copy of the relevant portions of the Agreement between the Union and the Chicago Area Independent Contractors Association ("CAICA"), which the Company is also bound, as the CBA adopts and incorporates the Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust (See attached Exhibit A, CBA and relevant portions of the CAICA Agreement). Company's CBA and the CAICA Agreement are collectively referred to as the Agreement.

7.      The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund ("Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Laborers' District Council Labor Management Committee Cooperative ("LMCC"), the Concrete Contractors Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund ("Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), the Chicago Area Independent Construction Association ("CAICA"), and the Illinois Small Pavers Association ("ISPA"), to act as an agent in the collection of contributions due to those funds (referred to as the "Ancillary Funds").

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the

Agreement for pension benefits, for health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion to the Pension Fund, Welfare Funds and Training Fund are assessed 20 percent liquidated damages plus interest, and contributions which are not submitted in a timely fashion to the Ancillary Funds are assessed 10 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, an audit of the Company's books and records for the time period of September 29, 2020 through May 31, 2021 revealed that Company performed covered work during the audit period, but:

(a) failed to report and pay contributions in the amount of $18,309.72 owed to Plaintiff Laborers' Pension Fund for the audit period of September 29, 2020 through May 31, 2021, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $13,980.34 owed to

4

Plaintiff Laborers' Welfare Fund for the period of September 29, 2020 through May 31, 2021, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay contributions in the amount of $6,764.68 owed to Plaintiff Laborers' Retiree Welfare Fund for the period of September 29, 2020 through May 31, 2021, thereby depriving the Retiree Welfare Fund of contributions income and information needed to administer the Retiree Welfare Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)    failed to report and pay contributions in the amount of $1,159.66 to the Laborers' Training Fund for the period of September 29, 2020 through May 31, 2021, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)    failed to report and pay contributions in the amount of $412.33 owed to the affiliated Ancillary Funds: LECET, LMCC and CAICA, which funds are identified above for the period of September 29, 2020 through May 31, 2021 forward, thereby depriving said funds of contributions, income and information needed to administer said funds and jeopardizing the benefits of the participants and beneficiaries; and

(f)    failed to obtain and maintain a surety bond.

True and accurate copies of the audit and audit summary sheet are attached respectively hereto as Exhibits B and C.

12.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of September 29, 2020 through May 31, 2021.

13.     Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions.  Accordingly, Company owed the Funds $1,260.00 in audit costs for the audit for the period of September 29, 2020 through May 31, 2021.  See Exhibits B and C.

14.     The Company's actions in failing to make timely reports and contributions and failing to obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185 and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Antigua Construction as follows:

a.      entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of September 29, 2020 through May 31, 2021, including contributions, interest, liquidated damages and audit costs; and

b.      awarding Plaintiffs its reasonable attorneys' fees and costs; and

c.      ordering Defendant Company to obtain and maintain a surety bond in accordance with the collective bargaining agreement; and

d.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

16.      Plaintiffs reallege paragraphs 1 through 15 of Count I.

17.      Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

18.      Dues reports and contributions are due by the 10th day following the month in which the work was performed.  Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

19.      Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of September 29, 2020 through May 31, 2021, and Company failed to withhold and/or submit payment of $1,849.88 in union dues that were, or should have been, withheld from the wages of employees for the period, thereby depriving the Union of information and income.  See Exhibits B and C.

20.      Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of September 29, 2020 through May 31, 2021, plus audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Antigua Construction, Inc., ordering Defendant to submit payment of union dues

owed to date together with all liquidated damages, audit costs, and attorneys' fees and costs; and any other legal and equitable relief as the Court deems appropriate.

June 14, 2022

Chicago & Vicinity Laborers' District Council Pension and Welfare Funds,

By: /s/ Sara S. Schumann

Sara S. Schumann
Laborers' Pension and Welfare Funds
Office of Fund Counsel
111 W. Jackson, Suite 1415
Chicago, IL 60604
(312) 692-1497

8